IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER B. VINE,

                Plaintiff,

v.                                             OPINION and ORDER

ZAYNE JOHNSON, JARED JOHNSON,                   23-cv-860-jdp
LEVI COPAS, and TYLER BROCK,

                Defendants.

---

Plaintiff Christopher B. Vine, proceeding without counsel, is currently incarcerated at Waupun Correctional Institution. He alleges that when he was incarcerated at Stanley Correctional Institution, an officer escorted him by holding him by his injured arm, intentionally causing him pain and further injury and that other officers failed to intervene to prevent the use of excessive force. I granted Vine leave to proceed on Eighth Amendment claims and on Wisconsin-law battery and negligence claims against defendants. Dkt. 16.

Defendants move for summary judgment, contending that Vine failed to exhaust his administrative remedies and that Vine's state-law claims must be dismissed because he failed to comply with Wisconsin's notice-of-claim requirements. Dkt. 27. I will grant defendants' motion and dismiss the case in its entirety.

ANALYSIS

A. Exhaustion of administrative remedies

The Prison Litigation Reform Act requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the

administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System process as set forth in Wisconsin Administrative Code Chapter DOC 310.

The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Before defendants moved for summary judgment, Vine submitted a document titled as a "memorandum of law," in which he argues against defendants' exhaustion affirmative defense in their answer. Dkt. 20.[1] Vine states that on August 10, 2023, three days after the alleged use of excessive force by defendant Zayne Johnson, he submitted a grievance about the incident. He includes a copy of that grievance. Dkt. 20-1. I take him to be saying that he did not receive a response to that grievance. Several days later he was transferred to the Wisconsin Resource Center; he says that "the [August 10 grievance] never followed him." Dkt. 20, at 3. Vine returned to Stanley Correctional Institution in early November 2023 and filed a grievance in early December (assigned grievance No. SCI-2023-18334) recounting the August excessive force incident and the lack of a response to his correspondence to the security director and

---

[1] Vine also moves to file a sur-reply to defendants' motion for summary judgment. Dkt. 38. Although this court's disfavors sur-replies, I will accept Vine's sur-reply and consider it.

warden regarding that incident. Dkt. 29-3, at 8. Vine's December grievance was rejected as untimely.

Defendants contend that Vine failed to exhaust his administrative remedies in part because the December 2023 grievance was properly rejected as untimely under the state's grievance regulations. Under Wis. Admin. Code § DOC 310.07(2), an inmate must file a grievance within 14 days of the incident or ask the examiner to accept a later grievance for good cause and explain the reason for the late filing. The institution complaint examiner's rejection stated that Vine "makes no plea for good cause. He does not present evidence to show how he was denied the use or inhibited in any way from using the ICRS since the date of the occurrence." Dkt. 20-4, at 2.

This court has long held that it must defer to prison officials' reasonable interpretations of their grievance procedures. *Jurjens v. Chatman*, No. 23-cv-88-jdp, 2024 WL 3823025, at *4 (W.D. Wis. Aug. 14, 2024) (collecting cases). The examiner's conclusion that Vine didn't show good cause for his belatedly filed December 2023 grievance is reasonable. Vine's letters to the security director or warden weren't formal grievances, and there was no other record of an earlier grievance. And in any event, Vine didn't explain why he waited until early December to file a new grievance about the incident even though he had been transferred back to Stanley Correctional Institution about three weeks earlier. So I conclude that the December 2023 grievance didn't exhaust Vine's administrative remedies.

Vine argues that his administrative remedies were unavailable to him because he did file a timely grievance in August 2023 that the examiner didn't respond to. I note that Vine's purported August 2023 grievance, Dkt. 20-1, could not have been filed then: it is written on a grievance form with a revision date of December 2023. But even if Vine filed a different

3

grievance in August 2023, it wouldn't stave off summary judgment. Under *Lockett v. Bonson*, 937 F.3d 1016, 1026–28 (7th Cir. 2019), when a state has a receipt mechanism for informing prisoners that it has received a grievance or appeal, a prisoner cannot overcome exhaustion by simply alleging that he filed a timely submission that was lost in transit. Instead, the prisoner must take action to inquire about the missing document. Wisconsin has such a system: under Wis. Admin. Code § DOC 310.10(4), the institution complaint examiner must give written notice of receipt to the prisoner within ten days of the examiner receiving a grievance. So a failure to receive a notice should spur the inmate to file a grievance about the issue. *See Thompson v. Utter*, No. 23-cv-381-jdp, 2025 WL 306576, at *2 (W.D. Wis. Jan. 27, 2025); *Grender v. McCullick*, No. 19-cv-403-bbc, 2020 WL 599547, at *2 (W.D. Wis. Feb. 7, 2020) (inmate "cannot demonstrate an issue of fact with respect to exhaustion by merely asserting that he submitted a grievance for which there is no record and for which he did not receive a receipt."). But Vine didn't inquire further about this grievance until December, which was too late to timely exhaust his administrative remedies.

Vine argues that this delay was caused by unavailability of the grievance system because he was transferred to the Wisconsin Resource Center shortly after he filed his August 2023 grievance. In his opposition brief he states that "[h]e asked WRC staff, what he is to do and they told him that was Stanley and they may send an answer to WRC but also may not since plaintiff is no longer there." Dkt. 32, at 4. But transferring to a new facility generally does not preclude an inmate from exhausting the available remedies. *See, e.g., Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005) ("movement out of an institution may render grievance procedures unavailable if the change in custody status effectively terminates the administrative process. Yet that was not the case here." (citations omitted)). And Vine's concern that he *might*

4

not get a response fails to show that the grievance system was unavailable to him. *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) (An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement."); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try." (emphasis omitted)).

Vine discusses another December 2023 grievance and attaches it to his memorandum of law preceding defendants' summary judgment motion. Dkt. 20-3. Unlike with his rejected December 2023 grievance discussed above, in this grievance he explicitly mentions his August 2023 grievance that was not addressed by the complaint explainer. But although this grievance was stamped "received," there is no grievance number assigned to it and there is no record of it in Vine's grievance history report. Dkt. 29-1. It's unclear whether Vine is asserting that this is actually the '18334 grievance that was rejected, but the DOC's records clearly show that this is incorrect. If he means that this grievance was also ignored by staff, it has the same problem as his purported August grievance; he didn't follow up after receiving no response, as required by *Lockett*. This grievance didn't exhaust his administrative remedies.

I conclude that Vine failed to exhaust his administrative remedies, so I will grant defendants' motion for summary judgment and dismiss Vine's Eighth Amendment claims. That dismissal is technically without prejudice, *see Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), but Vine would likely find it impossible to file a proper grievance now because the relevant events happened so long ago.

B.  **State-law claims**

That leaves Vine's Wisconsin-law battery and negligence claims. The court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a), which permits a federal

5

district court to hear a state-law claim if it is related to a federal claim in the same action. Vine doesn't allege any other basis for federal jurisdiction over the state-law claims. Absent unusual circumstances, district courts will relinquish supplemental jurisdiction over state-law claims if all federal claims have been resolved before trial. *Coleman v. City of Peoria, Illinois*, 925 F.3d 336, 352 (7th Cir. 2019). But here, defendants do raise an appropriate reason to retain jurisdiction of the claims and then dismiss them. Vine has clearly failed to comply with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82(3), by submitting his notice-of-claim, Dkt. 30-1, more than 120 days after the excessive force incident and by failing to properly serve the notice of claim. The statute requires strict compliance. *Riccitelli v. Broekhuizen*, 595 N.W.2d 392, 399, 227 Wis. 2d 100 (1999). Vine concedes that he failed to follow the statute. So I will dismiss this case in its entirety.

**C.  Fabrication of August 2023 grievance**

Although I am dismissing this case, there is a final matter that I must address. Vine submitted what he purports to be an August 2023 grievance, Dkt. 20-1, that I've already noted could not have been filed then because it is written on a grievance form with a revision date of December 2023. This strongly suggests that Vine fabricated the purported 2023 grievance to defend against defendants' summary judgment motion. A party's submission of false documents is a grave insult to the integrity of the court and the judicial process. I will have Vine respond to this order, addressing my concerns with the authenticity of Dkt. 20-1; at minimum I expect his response to include a declaration, sworn under penalty of perjury, explaining when he created that document. After receiving Vine's response I will consider whether a hearing on sanctions will be necessary.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for leave to file a sur-reply, Dkt. 38 is GRANTED.

2. Defendants' motion for summary judgment, Dkt. 27, is GRANTED.

3. The parties' remaining motions are DENIED as moot.

4. The clerk of court is directed to enter judgment accordingly and close this case.

5. Plaintiff may have until March 6, 2025, to respond to this order regarding the authenticity of Dkt. 20-1.

Entered February 13, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge