IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER B. VINE,

                Plaintiff,

v.                                                              ORDER

ZAYNE JOHNSON, JARED JOHNSON,                       23-cv-860-jdp
LEVI COPAS, and TYLER BROCK,

                Defendants.

---

Plaintiff Christopher B. Vine, proceeding without counsel, brought Eighth Amendment and Wisconsin-law battery and negligence claims against defendant prison officials who escorted him by his injured arm or who failed to intervene to prevent the use of excessive force. I granted defendants' motion for summary judgment on the grounds that Vine failed to exhaust his administrative remedies on his federal-law claims and that Vine failed to comply with Wisconsin's notice-of-claim statute for his state-law claims. Dkt. 41. Also, in addressing the exhaustion issue, I noted that Vine submitted what he purports to be an August 2023 grievance, Dkt. 20-1, that could not have been filed then because it is written on a grievance form with a revision date of December 2023, strongly suggesting that Vine fabricated the purported 2023 grievance to defend against defendants' summary judgment motion. *Id.* at 6. I directed Vine to respond to my order regarding the authenticity of this submission. *Id.*

Vine responded with a document captioned "Response to a Judgment in a Civil Case" that the court docketed as a motion for reconsideration of my summary judgment opinion. Dkt. 43. Vine later filed a document clarifying that his submission was not intended as a motion for reconsideration but rather only a response to my concerns about the authenticity of his purported August 2023 grievance. Dkt. 45. Vine has also filed a notice of appeal,

Dkt. 46, a request for leave to proceed on appeal without prepaying the entire filing fee, also known as "in forma pauperis" status, Dkt. 49, and several other documents related to his appeal. I will direct the clerk of court to re-caption Dkt. 43 as a response to my summary judgment opinion, and I will address his various submissions in this order.

A. Authenticity of purported August 2023 grievance

Vine resubmits a copy of his purported August 2023 grievance, Dkt. 44-1, and states that my reference to a December 2023 revision date on that grievance form is incorrect; that this revision date is "non-exi[stant];" and that he did not fabricate the grievance. In response, defendants point out that Vine's grievance is actually a combination of two forms: the first page is a DOC-400 "Inmate Complaint" form and the second page is a DOC-400B "Inmate Complaint/Appeal (Continued)" form. Contrary to Vine's assertion that the December 2023 revision date is "non-existent," both pages include the notation "(Rev. 12/2023)." Defendants submit an affidavit from Linda Fait, the DOC's forms development and compliance officer, who states that it wouldn't be possible for an inmate to have a copy of a form revised in December 2023 prior to that revision date. *See* Dkt. 63.

Vine followed with a "Motion to Re-Respond," Dkt. 66, in which he states that he mistakenly sent defendants and the court a copy of his original August 2023 grievance that he hand copied onto a newer version of the form, and he submits what he says is the original version of his grievance that is written on DOC-400 and DOC-400B forms with 2019 revision dates, Dkt. 65-1. Vine also filed a reply brief supporting his response to my summary judgment opinion attaching another copy of what he says is the original version of his grievance. *See* Dkt. 69-1.

Because Vine addressed this issue in his reply brief, it was unnecessary for him to also move to "re-respond" to the court's order. I will deny that motion. After reviewing Vine's purported original copy of the August 2023 grievance, I conclude that the issue of fabrication isn't something that I can decide on the paper record alone. Therefore, I will set the matter for an in-person hearing. The sole issue for the hearing will be whether Vine fabricated either version of his purported August 2023 grievance.

I will direct the clerk of court to set a hearing date, and to issue a writ of habeas corpus ad testificandum for Vine's appearance. The parties should bring any documents that they possess supporting their version of events. In particular, Vine should bring the original copy of his August 2023 grievance. I expect defendants to present the testimony of Fait, who may testify by videoconference if defendants prefer. I will consider requests for any other witnesses to appear by videoconference.

B.  Appeal

Vine moves for in forma pauperis status on appeal. Dkt. 49. I will grant that motion. The trust fund account statement that Vine submitted along with his appeal shows that he is unable to prepay the full appellate filing fee, and I decline to certify that the appeal "is not taken in good faith." 28 U.S.C. § 1915(a)(3). Under § 1915(b)(1), Vine must make an initial partial payment of the appellate fee, which the court has calculated as $32.75. I will give Vine a short time to make this payment. If necessary, he may arrange with prison authorities to pay some or all of this amount from his release account. If he fails to make the required payment by the deadline set below, the appeal may be dismissed.

Vine also submits several documents asking how to properly fill out a transcript-request form or for an extension of his deadline to fill out that form. Dkt. 51; Dkt. 52; Dkt. 53; Dkt. 60.

But there are no transcripts in this case relevant to Vine's appeal, and in any event he followed by sending the court of appeals a properly filled-out transcript form. *See* Dkt. 11 in *Vine v. Johnson*, No. 25-1436 (7th Cir.). I will deny his motions about the transcript form as moot.

Vine moves the clerk of court "to assemble and forward" the record to the court of appeals. Dkt. 55. The court of appeals has already denied Vine's parallel motion in that court as unnecessary. Dkt. 10 in Vine's '1436 appeal. I will deny Vine's motion in this court as moot.

Vine also states that he seeks recruitment of counsel for his appeal and he asks for guidance on showing his eligibility for counsel. Dkt. 53. I will deny this motion; decisions about whether to recruit counsel for a litigant's appeal are made by the court of appeals.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to re-caption Dkt. 43 as a response to the court's summary judgment opinion.

2. Plaintiff's motion to "re-respond" to the court's summary judgment opinion, Dkt. 66, is DENIED as unnecessary.

3. Plaintiff's motion for in forma pauperis status on appeal, Dkt. 49, is GRANTED.

4. Plaintiff may have until July 7, 2025, to submit a check or money order made payable to the Clerk of Court in the amount of $32.75 as an initial partial payment for his appeal. After that, plaintiff must pay the remainder of the $605 appellate fee in monthly installments under 28 U.S.C. § 1915(b)(2). If plaintiff does not have enough money to make the initial partial payment from his regular account, he should arrange with prison authorities to pay the remainder from his release account.

5. Plaintiff's motions regarding a transcript form on appeal, Dkt. 51; Dkt. 52; Dkt. 53; Dkt. 60, are DENIED as moot.

6. Plaintiff's motion regarding transmission of the appeal, Dkt. 55, is DENIED as moot.

7. Plaintiff's motion regarding recruitment of counsel on appeal, Dkt. 53, is DENIED.

8. The clerk of court is directed to set an in-person hearing before me to address whether plaintiff fabricated documents at Dkt. 20-1 and Dkt. 69-1.

Entered June 16, 2025.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge